IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC AARON LYLES | * | |
| Petitioner | * | |
| v. | * | Civil No. PJM 08-cv-3425 |
| UNITED STATES OF AMERICA | * | Criminal No. PJM 03-cr-0484 |
| Respondent | * | |

## MEMORANDUM OPINION

Eric Aaron Lyles pleaded guilty to possession with intent to distribute cocaine and was sentenced to 188 months of incarceration and 4 years of supervised release. He has filed a *pro se* Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, alleging that his counsel was ineffective, that the Court violated Fed. R. Crim. P. 11 (c)(1), and that he was improperly classified as a Career Offender under U.S.S.G. § 4B1.1.

Having considered Lyles' Motion and the Government's response, the Court **DENIES** the Motion.

I.

Specifically, Lyles plead guilty to one count of possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841. As part of his plea, Lyles stipulated that "the purchase and sale of 50 or more grams but less than 150 grams of cocaine base was reasonably foreseeable to the defendant and within the scope of his agreement with his conspirators."

During the plea hearing, the Court conducted the following colloquy:

*Judge Williams*: Are you pleading guilty because you are guilty, sir, of this offense that you are pleading guilty to?

*Lyles*: Yes.

*Judge Williams*: Are you satisfied with the services that Mr. Sussman has provided to you up to this point?
*Lyles*: Yes.

*Judge Williams*: Have you all met and discussed the elements of the offense and the strategy as to whether you ought to go to trial or not go to trial?
*Lyles*: Yes.

*Judge Williams*: Has he done everything you've asked him to do?
*Lyles*: Yes.

*Judge Williams*: Do you have any complaints you want to bring to my attention?
*Lyles*: No.

Satisfied with Lyles' answers, Judge Williams accepted the plea and subsequently sentenced him as indicated previously.

Lyles filed a *pro se* Notice of Appeal to the Fourth Circuit, which dismissed the appeal as untimely.

Lyles then filed a first Motion to Vacate on April 16, 2007, alleging ineffective assistance of his counsel based on counsel's failure to timely appeal. In response, the Court vacated its October 18, 2004 Judgment and re-entered Judgment effective August 17, 2007, thereby allowing a new period of time for appeal. The Court otherwise deemed Lyles' Motion to Vacate moot.

Lyles then appealed the August 17, 2007 Judgment to the Fourth Circuit, which dismissed it. The instant Motion to Vacate followed.

## II.

Lyles states three grounds for his Motion to Vacate:

First, he contends that his counsel provided ineffective assistance by allowing him to plead guilty to possession of 50 to 150 grams of cocaine base, even though the Second Superseding Indictment only charged him with possession with intent to distribute five or more

grams of cocaine base.  He also claims that counsel instructed him to stay silent during Judge Williams' discussion of the factual stipulations; failed to review the pre-sentence report with Lyles, and misrepresented to him that he would only receive the minimum sentence.

Second, Lyles argues that Judge Williams effectively made himself a party to the plea agreement in violation of Fed. R. Crim. P. 11(c)(1).  *See* Fed. R. Crim. P. 11(c)(1) ("The court must not participate in these [plea] discussions.").  Lyles contends that Judge Williams instructed him not to obstruct justice, commit any other crimes, or make false declarations.  According to Lyles, Judge Williams went on to say: "If that happens, not only would you get heavier points under the guidelines, but the Government may consider that a breach, <u>and if I decide that it's a breach</u>, the government won't have to come forward with their promises to you and you'll still be obligated with your promises and you won't be able to withdraw your guilty plea."  These statements, says Lyles, gave the impression that Judge Williams was an advocate for the plea agreement, instead of a neutral arbiter.

Third, Lyles contends that the Court wrongly determined him to be a "career offender" under U.S.S.G. §4B1.1, based on a prior conviction for distribution of controlled dangerous substance and conspiracy in the Circuit Court for Charles County, Maryland.  Lyles asserts that he has challenged the Circuit Court conviction in Case No. 90-791, before the Honorable Richard J. Clark, and urges this Court to defer ruling on his career offender status until the Circuit Court determines whether the prior conviction should stand.

### III.

The Court addresses these arguments in turn.

### A.

Claims for ineffective assistance of counsel are subject to the two prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Strickland* states that in order to succeed on

an ineffective assistance of counsel claim, defendant must show: (1) counsel's performance was constitutionally deficient; and (2) such deficiency prejudiced defendant's position, producing an unjust result. *Id.* at 687. For counsel's performance to be deficient, it must be shown that his performance was not "within the range of competence normally demanded of attorneys in criminal cases." *Id*. The assessment of counsel's competence "must be highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of ineffective assistance of counsel claims." *Id*. at 669.

The Court finds that Lyles' counsel was well "within the range of competence normally demanded of attorneys in criminal cases." *See id.* at 687.

First, Lyles' counsel submitted a sworn affidavit affirming that he reviewed the quantity of drugs with Lyles prior to the issuance of the pre-sentence report.

Second, a defendant's admission of satisfaction with counsel's performance under oath is binding unless there is "clear and convincing evidence to the contrary." *Fields v. Attorney General of State of Md.*, 956 F.2d 1290, 1299 (1992) ("Fields presented no evidence that suggests his representations during his plea were untruthful or involuntary, and he is therefore rightly bound by his sworn statements."); *accord United States v. Lemaster*, 403 F.3d 216, 220-23 (4th Cir. 2005). During Lyles' Rule 11 hearing, he told Judge Williams under oath that he had met with counsel to discuss the offense and whether to plead guilty; was satisfied with counsel's performance; and had no complaints regarding counsel's actions. There is no evidence that Lyles' statements were untruthful or involuntary. Accordingly, because there is no "clear and convincing evidence to the contrary," Lyles' counsel's performance must be deemed sufficient.

Third, even were the Court to assume counsel's performance was deficient, Lyles would still need to show "that there is a reasonable probability that, but for counsel's errors, he would

not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988); *see also Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985).  But in this case, Lyles signed the plea agreement, and then indicated under oath that he understood and agreed to its terms.  He has failed to make any showing that but for counsel's alleged errors, he would have insisted on going to trial.

In sum, all of Lyles' ineffective assistance claims are rejected.

**B.**

Fed. R. Crim. P. 11(c)(1) prohibits a court from participating in plea agreement discussions.  Fed. R. Crim. P. 11(c)(1); *see also United States* v. *Markin*, 263 F.3d 491 (6th Cir. 2001) (judge cannot participate in negotiations once guilty plea is entered).

Judge Williams' comments to Lyles did not violate Rule 11.  While a judge may not participate in plea discussions *before* the agreement is entered, it is pellucidly clear that the judge may review the terms of the signed plea agreement with the defendant in open court.  *See United States v. Cannady*, 283 F.3d 641, 644 (4th Cir. 2002).  For example, in *Cannady*, the district court judge told the defendant to either accept the signed plea, or trial would start in 50 minutes.  The Fourth Circuit found no Rule 11 violation because plea negotiations had ended and the agreement was signed prior to the district judge's involvement.  *Id.*

The situation in this case is no different.  Judge Williams' only interacted with Lyles *after* plea negotiations had ended and Lyles had signed the plea.  Lyles himself acknowledged during the hearing that he had signed and understood the plea agreement.  Thus, Judge Williams' instruction to Lyles not to obstruct justice, commit any other crimes, or make false declarations, could not be viewed as his participation in the plea discussions.

**C.**

Finally, Lyles contends that the Court wrongly determined him to be a "career offender" under U.S.S.G. § 4B1.1. This allegedly flawed calculation of Lyles' sentencing guidelines range cannot form the basis for collateral review under 28 U.S.C. § 2255. *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. § 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.'"). Accordingly, Lyles' request for collateral review of an alleged miscalculation of the sentencing guidelines is rejected.

**V.**

For the foregoing reasons, the Court **DENIES** Lyles' Motion to Vacate, Set Aside or Correct Sentence.

A separate order will ISSUE.

**August 14, 2009**

                             /s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**